**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **CYNTHIA LLOYD,** <br><br> Plaintiff, <br><br> v. <br><br> **CREDIT SERVICES INTERNATIONAL, INC.,** <br><br> Defendant. | **Case No. 18 C 4267** <br><br> **Judge Harry D. Leinenweber** |

### MEMORANDUM OPINION AND ORDER

Plaintiff's Petition for Attorneys' Fees and Costs (Dkt. No. 41) is granted in part and denied in part: Plaintiff is entitled to $9,826.73 in attorneys' fees and $400.00 in costs.

### I.  BACKGROUND

Plaintiff Cynthia Lloyd commenced this action in June 2018, alleging that Defendant Credit Systems International, Inc., a debt collector, violated the FDCPA. The Court denied the parties' Cross-Motions for Summary Judgment in May 2019. (*See* Order, Dkt. No. 38). The parties agreed to settle Plaintiff's claims on June 12, 2019, and thereafter jointly stipulated to dismiss the action. (*See* Joint Dismissal, Dkt. No. 47.) Plaintiff accepted Defendant's settlement offer of $1,000.00 (the maximum statutory damages for an individual plaintiff under the FDCPA, *see* 15 U.S.C. § 1692k(a)), with

attorneys' fees and costs to be determined by the Court. Plaintiff now seeks $30,285.77 in attorneys' fees and $1,845.44 in costs.

## II. STANDARD

The touchstone for a district court's calculation of attorney's fees is the lodestar method, a court calculates by multiplying a reasonable hourly rate by the number of hours reasonably expended. *Gastineau v. Wright*, 592 F.3d 747, 748 (7th Cir. 2010) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433–37 (1983)). If necessary, the Court has the flexibility to "adjust that figure to reflect various factors including the complexity of the legal issues involved, the degree of success obtained, and the public interest advanced by the litigation." *Id*. The Court must assess "whether the fees are reasonable in relation to the difficulty, stakes, and outcome of the case." *Id*.

## III. DISCUSSION

### A. Attorneys' Fees

The Court will first evaluate whether Plaintiffs' attorneys' hourly rates are reasonable, and then determine whether the number of hours they expended is reasonable. In determining the appropriate hourly rate, the Court considers, among other factors, the market rate for the services rendered, *Denius v. Dunlap*, 330 F.3d 919, 930 (7th Cir. 2003), the "attorney's actual billing rate for similar litigation," and rates that are "in line with those

prevailing in the community." *Pickett v. Sheridan Health Care Ctr.*, 664 F.3d 632, 640 (7th Cir. 2011). Because the FDCPA is a fee-shifting statute, billing rates can be difficult to determine, as plaintiffs' attorneys rarely bill their clients directly for FDCPA cases. In these circumstances, courts look to the "'next best evidence' of an attorney's market rate, namely 'evidence of rates similarly experienced attorneys in the community charge paying clients for similar work and evidence of fee awards the attorney has received in similar cases.'" *Id*. at 640 (quoting *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 555 (7th Cir. 1999)).

Plaintiff seeks the following rates for her three attorneys: $450 for Andrew Finko, $372 for Michael Wood, and $335 for Celetha Chatman. However, these rates are higher than what courts in this district have approved for these attorneys. The Court approves a $415 rate for Finko, as other courts in this district have recently approved that reasonable rate. *See Rhone v. Medical Business Bureau, LLC*, No. 16-cv-5215, Order at 3 (N.D. Ill. April 27, 2018); *Evans v. Portfolio Recovery Assocs., LLC*, No. 15 C 4498, 2017 WL 2973441, at *3 (N.D. Ill. July 12, 2017). A $352 rate for Wood, and a $315 rate for Chatman, are appropriate for the same reason. *See Rhone*, Order at 3 (setting $352 rate for Wood); *Chatman v. Stellar Recovery, Inc.*, No. 16 C 833, 2017 WL 951246, at *2 (N.D.

Ill. Mar. 10, 2017) (setting $315 rate for Chatman on services rendered post-May 2016).

In this case, determining the appropriate number of hours is more complex than setting the rate. Defendant asserts that the Court must deny any attorneys' fees that Plaintiff incurred after September 21, 2018, the date that Defendant tendered an Offer of Judgment under Federal Rule of Civil Procedure 68. On that date, Defendant offered judgment "in favor of Plaintiff" in the amount of $1,001 plus reasonable attorneys' fees and taxable costs "incurred in this action prior to expiration of this offer, such fees and costs to be determined by agreement of the parties and, if the parties cannot agree, by the Court upon Motion of the Plaintiff." (Offer of Judgment, Ex. A to Def.'s Resp., Dkt. No. 44-1.) Plaintiff did not accept the offer, and it expired on October 5, 2018. *See* FED. R. CIV. P. 68.

An offer of judgment pursuant to Rule 68 "limits a plaintiff's ability to recover costs incurred after the date of the offer." *Paz v. Portfolio Recovery Assocs., LLC*, 924 F.3d 949, 953 (7th Cir. 2019); *see also* FED. R. CIV. P. 68(d) ("If the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made."). The rule's purpose is to encourage settlement and to discourage protracted litigation. *Sanchez v.*

*Prudential Pizza, Inc.*, 709 F.3d 689, 691 (7th Cir. 2013). The Rule's limit on a plaintiff's recovery of costs often limits the recovery of attorneys' fees in fee-shifting cases. *Paz*, 924 F.3d at 953. Rule 68 incorporates the definition of "costs" from the relevant fee-shifting statute, and therefore cuts off recoverable attorneys' fees after a Rule 68 offer when the statute defines "costs" to include attorneys' fees. *Paz*, 924 F.3d at 953 (7th Cir. 2019) (citing *Marek v. Chesny*, 473 U.S. 1, 9 n.2 (1985)). However, in setting forth the damages to which a plaintiff in a "successful action" is entitled, the FDCPA separates costs and attorneys' fees. *See* 15 U.S.C. § 1692k(a)(3). Therefore, a prevailing party in an FDCPA action is entitled to attorneys' fees notwithstanding Rule 68. *Paz*, 924 F.3d at 953. Because Plaintiff was successful in obtaining judgment against Defendant, she is entitled to reasonable attorneys' fees under the FDCPA.

However, even when Rule 68 does not operate to bar the recovery of attorneys' fees after an offer of judgment, a district court must consider a substantial settlement offer as a factor in determining whether a fee award is reasonable. *Moriarty v. Svec*, 233 F.3d 955, 967 (7th Cir. 2000). Fees "accumulated after a party rejects a substantial offer provide minimal benefit to the prevailing party, and thus a reasonable attorney's fee may be less than the lodestar calculation." *Id*. (citing *Marek*, 473 U.S. at

11). An offer is "substantial" if "the offered amount appears to be roughly equal to or more than the total damages recovered by the prevailing party." *Moriarty*, 233 F.3d at 967. In such circumstances, a district court "should reflect on whether to award only a percentage (including zero percent) of the attorney's fees that were incurred after the date of the settlement offer." *Id*.

In *Paz v. Portfolio Recovery Assocs., LLC*, 924 F.3d 949 (7th Cir. 2019), the Seventh Circuit considered whether a plaintiff was entitled to recover attorneys' fees after rejecting a Rule 68 offer that contained similar language as in the offer that Plaintiff rejected. In *Paz*, an FDCPA defendant offered: judgment to be entered in favor of the plaintiff, not to be construed as an admission of liability by defendant, $3,501 for the plaintiff, and "reasonable attorneys' fees and costs through the date of acceptance of the offer in an amount agreed upon by the parties, or (as necessary) by the district court." *Paz*, 924 F.3d at 952. The plaintiff rejected this offer, proceeded to trial, and ultimately obtained the maximum $1,000 in statutory damages. *Id*. at 953. Plaintiff then sought to recover $187,410 in attorneys' fees and $2,744 in costs under 15 U.S.C. § 1692k(a)(3). The district court concluded that the many hours plaintiff's counsel spent on the case after the Rule 68 offer were unreasonable and awarded only $10,875 in attorneys' fees. The district court awarded

the plaintiff $436 in costs as the prevailing party under Rule 54, and awarded the defendant $3,064 in costs, representing the expenses the defendant incurred after the date of its Rule 68 offer. The Seventh Circuit affirmed these rulings. *Id*. at 955-56. The plaintiff argued on appeal that the Rule 68 offer was not "substantial" under *Moriarty* because it "[cut] off attorneys' fees at the time of acceptance, a provision that [plaintiff] sees as exposing him to an unknown amount of fees for the time his counsel would spend doing the paperwork necessary to finalize the settlement and enter the Rule 68 judgment against [defendant]." *Id*. at 954-55. The Seventh Circuit rejected this argument, noting:

> Paz's position inheres with an air of unreality. … All Paz's counsel had to do was request a fee award that would cover the time necessary to finalize the settlement. This would not have been difficult given the relative simplicity of the claims. By no means was this a scenario where a defendant conveyed an incomprehensible offer or acted in bad faith by setting a trap to preclude a plaintiff from recovering a reasonable amount in attorneys' fees as part of a settlement.

*Paz*, 924 F.3d at 955.

Plaintiff now advances the same argument that the Seventh Circuit rejected in *Paz*. Plaintiff contends that although the Rule 68 offer granted her $1 more in damages than the settlement she ultimately accepted nine months later, the original offer was not "substantial" under *Moriarty* because it did not allow Plaintiff

- 7 -

to recover attorneys' fees accumulated in preparing her fee petition. Plaintiff urges that because a prevailing party in an FDCPA action is entitled to collect attorneys' fees for time spent preparing a fee petition, *see generally Robinson v. City of Harvey, Ill.*, 617 F.3d 915, 917 (7th Cir. 2010), a Rule 68 offer that limits an attorneys' fees award to hours spent prior to the expiration of the offer is not "roughly equal to or more than" the total damages recovered by the prevailing party. *See Moriarty*, 233 F.3d at 967.

Plaintiff asserts that by accepting Defendant's Rule 68 offer, she would have lost out on the 5.6 hours her attorneys ultimately spent preparing the fee petition because Defendant did not agree to her requested fees. Moreover, Plaintiff urges that plaintiffs in fee-shifting cases would be prejudiced if they were penalized under *Moriarty* for not agreeing to an offer that cut off fees after acceptance, because of the possibility that a defendant could "quickly eat[] away" at the monetary value of its offer by going on to contest fees. (Pl.'s Reply at 5, Dkt. No. 46.)

Plaintiff is correct that the language of Defendant's Rule 68 offer provides that if the parties are unable to agree on fees and have to brief the issue for the Court, Plaintiff would not be able to recover those "fees on fees." (*See* Offer of Judgment (offering reasonable attorneys' fees "*incurred in this action prior to*

*expiration of this offer*, such fees and costs to be determined by agreement of the parties and, if the parties cannot agree, by the Court…") (emphasis added). Courts generally use contract principles to interpret Rule 68 offers, *Webb v. James*, 147 F.3d 617, 620 (7th Cir. 1998), and courts must enforce Rule 68 judgments according to their plain language. *See id*. at 621 ("the district court has no discretion to alter or modify the parties' [Rule 68] agreement"); *Morjal v. City of Chicago*, 774 F.3d 419, 422 (7th Cir. 2014) (where Rule 68 offer limited attorneys' fees to those "accrued to date" of plaintiff's acceptance, plaintiff cannot recover for fees accrued during fee litigation if defendant was not litigating fees frivolously). So, had Plaintiff accepted Defendant's Rule 68 offer and the parties were unable to agree on fees, this Court could not have awarded any fees Plaintiff accumulated after October 5, 2018, the date the Rule 68 offer expired. However, Defendant's offer clearly stated that Plaintiff would be entitled to all reasonable attorneys' fees she had incurred in the case until October 5, 2019. It strikes the Court as unlikely that, with this clear mandate in mind, Defendant would stir up prolonged fee litigation beyond the usual response brief to Plaintiff's fee petition, costing itself a large amount in legal expenses in the process. But if Defendant had, the Court would have authority to award Plaintiff the attorneys' fees she incurred

in responding to Defendant's vexatious conduct. *See Morjal*, 774 F.3d at 421. The fact remains that the original offer amount was clearly "roughly equal to" the total damages Plaintiff ultimately recovered in settlement. Accordingly, the September 2018 offer was "substantial" under *Moriarty*. Because Plaintiff declined a substantial settlement offer, the Court will reduce by 75% the attorneys' fees that Plaintiff incurred after October 5, 2018.

Before October 5, 2018, Wood performed 5.75 hours of legal work and Chatman completed 5.1 hours. The total billed amount at the rates the Court approved herein is $3,630.50. After October 5, 2018, Finko performed 11.4 hours of work, Wood 8.2, and Chatman 54.5 (for a total of 74.1 hours of legal work, including the 5.6 hours Plaintiff's counsel spent preparing the fee petition). The total billed amount at the rates the Court approved herein is $24,784.90. Twenty-five percent of that sum is $6,196.23. Plaintiff is entitled to the full amount of her attorneys' pre-offer fees ($3,630.50) plus 25% of her post-offer expiration fees ($6,196.23), for a total of $9,826.73 in fees. This final sum appropriately reflects the difficulty, stakes, and outcome of the case, as well as the fact that Plaintiff declined a Rule 68 offer that would have settled this case without the need for an additional 74.1 hours of legal work by her attorneys.

**B. Costs**

The FDCPA mandates that a court award costs to a plaintiff in a successful action. 15 U.S.C. § 1692k(a)(3). Defendant does not dispute that Plaintiff's settlement renders her action successful. 28 U.S.C. § 1920(2) allows a prevailing party to recover costs for "printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2). To that end, Plaintiff seeks $1,845.44 in costs, which consists of a $400 filing fee, a $50 service fee, $1,100.80 for a transcript of Victoria Sheedy's deposition, and $294.64 for a transcript of Cynthia Lloyd's deposition. Citing Rule 68, Defendant argues that Plaintiff cannot be awarded costs that she incurred after declining the Rule 68 offer, and in fact, Plaintiff must pay the costs that Defendant incurred after declining the Rule 68 offer. Defendants are correct. *See* FED. R. CIV. P. 68(d) ("If the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made."). Therefore, the Court awards Plaintiff $400 in costs, as the filing fee was the only taxable cost Plaintiff incurred before Defendant made its Rule 68 offer.

Defendant seeks $758.60 for a transcript of Lloyd's deposition and $789.50 for a transcript of Sheedy's deposition. However, Defendant has not submitted an invoice or declaration

that indicates the per-page rate it paid for these two deposition transcripts. (*See* Transcript Invoices, Ex. E to Def.'s Resp., Dkt. No. 44-5.) Under Northern District of Illinois Local Rule 54.1(b), claimed transcript costs may not exceed the regular copy rate established by the United States Judicial Conference. *See* N.D. Ill. Local Rule 54.1(b). The current rate is $3.65 for ordinary transcripts and $0.90 per page for the first copy. *See id*. Because the Court cannot determine whether Defendant's transcript costs comply with the Local Rules, the Court will not award these costs.

## IV. <u>CONCLUSION</u>

For the reasons stated herein, Plaintiff's Petition for Attorneys' Fees and Costs (Dkt. No. 41) is granted in part and denied in part: Plaintiff is entitled to $9,826.73 in attorneys' fees and $400 in costs.

**IT IS SO ORDERED.**

 Harry D. Leinenweber, Judge
 United States District Court

Dated: 10/21/2019